**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JESUS OSCAR HERRERA,** )<br>)<br>          **Petitioner**, )<br>)<br>    **v.** )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>          **Respondent.** )<br>_____ ) | **CR F 05- 0250 AWI**<br><br>**ORDER CONSTRUING PLEADING AS PETITION FOR WRIT OF HABEAS CORPUS AND DENYING SAME**<br><br>**(28 U.S.C. § 2255)**<br><br>**Doc. # 101** |

**INTRODUCTION**

On December 1, 2008, Jesus Oscar Herrera ("Petitioner") filed a pleading titled "Application of Time Credits/ Sentence Adjustment" (hereinafter, the "Application"). Petitioner was convicted by plea of guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 846. Petitioner was originally sentenced to a term of 168 months imprisonment. Judgment was entered on November 30, 2006. As a result of a subsequent motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), the sentence was reduced to 140 months. Judgment was reentered on October 9, 2008. Essentially, Petitioner's Application requests the court apply a ten-month adjustment to Petitioner's sentence to credit him for time served in state custody as a result of a parole violation that was occasioned by the same conduct that was charged in Petitioner's federal case. For the

reasons discussed below, the court will construe Petitioner's Application as a motion pursuant to 28 U.S.C. § 2255 and will deny the motion.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was arrested on January 10, 2005, for possession of cocaine, possession of a firearm and ammunition, and drug trafficking paraphernalia – conduct that would become the basis of the charges against Petitioner in this court. Prior to his arrest, Petitioner had been convicted in state court on January 17, 1999, and was on parole having served a 36-month state term of imprisonment. Petitioner also suffered a conviction in state court on March 15, 2001, for possession of cocaine base and served a two-year term and suffered another convicted on November 9, 2001, for infliction of corporal injury on a spouse for which he was sentenced to a 2-year term consecutive to the term imposed as a result of the March 15 conviction. At the time of his arrest on January 10, 2005, Petitioner was on parole on each of the three prior convictions. Petitioner was returned to state custody on January 10, 2005, for parole violations on each of the three prior convictions. Petitioner was paroled from state custody on November 6, 2005, approximately 10-months after his arrest on the federal charges.

## JURISDICTION

Of primary concern to the court is the question of how, if at all, the court may assert jurisdiction over Petitioner's "Application." Although Petitioner's pleading is styled as an "Application for Time Credits" or a sentence adjustment, the essence of the pleading is Petitioner's contention that the court erroneously "overlooked" the fact of Petitioner's state custody and erred by failing to order the ten-month period of time Petitioner spent in state custody credited to his federal sentence. Thus, in broad terms, Petitioner's Application seeks to correct his sentence based on the allegation of error by the court in either failing to direct the Bureau of Prisons ("BOP") to calculate Petitioner's term of imprisonment to run concurrently with his state term, or in failing to reduce Petitioner's sentence at the time of sentencing by the amount of time previously served in state custody up to the time of sentencing.

It is well settled that a district court cannot calculate the amount of credit for prior detention at the time of sentencing.  United States v. Wilson, 503 U.S. 329, 334 (1992).  Rather, "'[i]t is the administrative responsibility of the Attorney General, the Department of Justice and the Bureau of prisons to compute sentences and apply credit where it is due.  It is not the province of the sentencing court.' [Citation.]" United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988).  The determination of the Attorney General are subject to review in district courts, but only after exhaustion of remedies within the prison system.  Id. at 865.  Such a review may be undertaken either by way of motion pursuant to 28 U.S.C. § 2241 or by motion pursuant to 28 U.S.C. § 2255.  In the alternative, a defendant who has been sentenced in a federal court may challenge the accuracy and lawfulness of the court's sentence by way of a motion pursuant to section 2255.

In materials accompanying the Application, Petitioner includes copies of administrative responses to the denial of Petitioner's requests to have his federal and state sentences run concurrently and to have his federal sentence re-computed.  The materials included in the Application indicate Petitioner has received denials of administrative relief up to and including the level of the Regional Administrative Remedy Appeal.  Denial of the Regional Administrative Remedy Appeal is dated April 2, 2008.

It is not clear to the court that Petitioner has exhausted all available administrative remedies, however the court will find for purposes of its jurisdiction over the instant matter that further review of Petitioner's claims through administrative channels would be futile and that the administrative review process is therefore deemed exhausted.  Thus, the court concludes that it had jurisdiction to consider Petitioner's claims both with respect to Petitioner's claim that BOP erroneously failed to credit Petitioner with time served in state custody and Petitioner's claim that the court erred in failing to either direct the BOP to run the federal sentence concurrently with the state sentence or to erred in failing to directly reduce the federal sentence by ten months to correct for the state time served.

    To effectuate this review, the court will construe Petitioner's Application as a motion to correct, vacate or set aside the judgment pursuant to 28 U.S.C. § 2255.  Pursuant to 28 U.S.C. § 2244(d)(2) time limits for the filing of a motion pursuant to section 2255 are tolled during the pendency of any state review.  The court finds Petitioner's Application was filed within one-year of the time his administrative remedies are deemed exhausted and is therefore timely under the limits imposed by section 2255.

**LEGAL STANDARD**

    28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' "  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

    Petitioner's "Application" – or what the court has construed to be Petitioner's motion pursuant to 28 U.S.C. § 2255 – fails for two reasons; first, Petitioner has waived the right to bring any post-conviction action to attack on his sentence, and second because the factual

4

predicate set forth by Petitioner is simply incorrect.  While the court would normally address the issue of waiver and decide on its enforceability as a threshold matter, doing so in the present case would entail additional time and expenditure of judicial resources because the court would be required to afford Petitioner the opportunity to address the issue in a subsequent or amended pleading.  Because Petitioner's claims are easily settled by reference to well-established law, the court finds that in this particular instance best use of limited judicial resources is achieved if the court proceeds directly to the merits of Petitioner's Application.

Section 3584 of Title 18 of the United States Code governs the "manner in which multiple sentence of imprisonment may be imposed." Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir. 2002).  Section 3584 provides that where a defendant is subject to an undischarged term of imprisonment at the time of sentencing on a subsequent conviction, any additional term of imprisonment may be imposed to run concurrently or consecutively.  The statute also provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders otherwise." 18 U.S.C. § 3584(a).  The court's discretion under section 3584(a) is guided by the United States Sentencing Guidelines, particularly as set forth at section 5G1.3. United States v. Gonzalez, 520 U.S. 1, 6-7 (1997).

Section 5G1.3(b) of the Sentencing Guidelines provides that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . ." the court is to adjust the sentence "for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." USSG 5G1.3(b)(1).  If USSG §5G1.3 subsection (b)(1) does not apply, then subsection (c) provides that the court may, in its discretion impose the new sentence "to run concurrently, partially concurrently, or consecutively toi the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The commentary to section 5G1.3 of the Sentencing Guidelines provides clear guidance to the court's discretion:

*(C)* <u>Undischarged Terms of Imprisonment Resulting from Revocations of Probation , Parole or Supervised Release</u> – Subsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole or supervised release revoked.  Consistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

Application Note 4 of § 7B1.3 provides as follows:

Subsection (f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant.  Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.

As the court construes Petitioner's Application, Petitioner is contending that the court was obliged to credit the 10 months Petitioner spent in state custody before he was remanded to federal custody because the conduct that caused the state confinement was the same course of conduct that resulted in Petitioner's conviction in this court.  Petitioner's claim must fail because section 5G1.3(b) of the Sentencing Guidelines does not apply in this case.  The ten-month term of state imprisonment did not result from conduct that was relevant to the federal conviction.

Sections 5G1.3 and 7B1.3 of the United States Sentencing Guidelines together provide clear and unambiguous direction to district courts that, where a defendant is committed to a state term of imprisonment for *violation of conditions of parole or probation*, that term of imprisonment is to be understood to arise out of the conviction that caused the term of parole or probation to be imposed in the first instance.  It does not matter that the conduct that constitutes the violation of parole or probation is also the basis for a separate federal conviction, the focus is on the underlying conviction.  So long as the underlying conviction that gave rise to the imposition of parole or probation in the first instance is not connected to the federal charge, any time spent in state custody for violation of the parole or probation will be run consecutively with any sentence imposed for a conviction on the federal charge in federal court.

The Presentence Investigation Report ("PIR") that was prepared in advance of Petitioner's sentencing indicates that the ten-month time period Petitioner spent in state custody

6

1 was a result of violation of conditions of parole that had been imposed as a result of state
2 convictions that occurred in 2001 at the latest.  In other words, Petitioner was committed to state
3 custody for violation of conditions of parole on one or more state convictions that were entirely
4 unrelated to Petitioner's federal case.  Although the conduct that constituted the violation of
5 parole was related to the conduct that formed the basis of Petitioner's federal charges; for
6 purposes of the court's analysis Petitioner was in state custody because of convictions he had
7 suffered on unrelated charges in 2001.  Pursuant to sections 5G1.3 and 7B1.3 of the United
8 States Sentencing Guidelines, the proper approach for the court at sentencing was to impose the
9 sentence in the federal case to run consecutively to the state time imposed for violation of parole.

10       As previously noted where two sentences are imposed at different times, the presumption
11 is that the later-imposed sentence is to run consecutively to the first-imposed sentence unless
12 otherwise specifically provided by the sentencing court.  Given that the proper course for this
13 court was to impose the federal sentence consecutively to the term of state imprisonment, there is
14 no error attributable to the fact this court's sentence was silent as to whether the term of
15 imprisonment imposed was to run consecutively or concurrently with the state sentence.  The
16 presumption established by 18 U.S.C. § 3584(a) that the sentence was to run consecutively to the
17 state sentence was the correct presumption under the facts of this case.

18

19       The Clerk of the Court shall file Petitioner's "Application" as a motion pursuant to 28
20 U.S.C. § 2255.  For the reasons discussed, the court finds Petitioner's motion to be without merit.
21 Construed as a motion pursuant to 28 U.S.C. § 2255, the Application is therefore DENIED
22 without further hearing.  In denying Petitioner's Application on its merits, the court reserves any
23 determination on the issue of whether Petitioner has waived the right to bring a motion pursuant
24 to section 2255.
25 IT IS SO ORDERED.
26 **Dated:   July 27, 2009**                                   **/s/ Anthony W. Ishii**
                                                                                                CHIEF UNITED STATES DISTRICT JUDGE
27
28                                                           7