DANIEL J. BRODERICK, Bar #89424
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
JESUS OSCAR HERRERA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1:05-CR-250 AWI |
| ) | |
| Plaintiff, ) | ~~[lodged]~~ **ORDER GRANTING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| ) | |
| v. ) | |
| ) | |
| JESUS OSCAR HERRERA, ) | |
| ) | Judge: Hon. ANTHONY W. ISHII |
| Defendant. ) | |
| ) | |
| _____ ) | |

On February 27, 2012, the above-entitled matter came before the Court for hearing on Mr. Herrera's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Assistant U.S. Attorney Karen Ann Escobar appeared on behalf of the government, and Assistant Federal Defender David M. Porter appeared on behalf of Mr. Herrera. For the reasons set forth below, the motion is **GRANTED.**

Mr. Herrera was sentenced by this Court on November 27, 2006. While the presentence investigation report recommended that Mr. Herrera be sentenced as a career offender, the Court rejected that recommendation, and did not apply the career offender guideline. CR #83, 7:15-16. Instead, the Court determined the base offense level based on the amount of crack cocaine under USSG § 2D1.1(c), and did not

depart downward from the career offender guideline or impose a non-guidelines sentence.[1]  The Court sentenced Mr. Herrera to a term of imprisonment of 168 months.

On October 9, 2008, following the United States Sentencing Commission's amendment authorizing the retroactive reduction of crack cocaine sentences, this Court granted Mr. Herrera's motion pursuant to 18 U.S.C. § 3582(c)(2), and reduced his sentence to 148 months.  CR #93.

On November 17, 2011, Mr. Herrera filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the Commission's most recent amendment authorizing retroactive reduction of crack cocaine sentences.  The government filed an opposition and supplemental memorandum on December 6, 2011, and Mr. Herrera filed a reply on December 8, 2011.  A hearing was held on December 12, 2011.  The Court found that Mr. Herrera was eligible for a reduction in his sentence, and directed the parties and the probation officer to file memoranda on the appropriate sentence within the new guideline range.  The government filed its memorandum on January 5, 2012.  In a memorandum dated January 19, 2012, the probation officer recommended reducing Mr. Herrera's sentence to 120 months.  Mr. Herrera filed his memorandum on January 23, 2012.  The government filed supplemental memoranda on February 2 and February 23, 2012.

Section 3582(c)(2) of Title 18, United States Code, authorizes the Court to reduce a sentence that was "based on a sentencing range that

---

[1] Using the Drug Quantity Table at USSG § 2D1.1(c), the Court determined Mr. Herrera's base offense level to be 32, the total offense level to be 31, and the criminal history category to be 5, resulting in a guideline range of 168 to 210 months.

**ORDER GRANTING**
**MOTION TO REDUCE SENTENCE**

-2-

has subsequently been lowered by the Sentencing Commission."

The government contends that the Court was prohibited under amended § 1B1.10, effective November 1, 2011, from further reducing the defendant's sentence, because the guideline range determined pursuant to § 1B1.1(a) must be calculated before consideration of any departure provision in the Guidelines Manual or any variance.  Thus, the government maintained that Mr. Herrera's applicable guideline range for purposes of considering his motion for reduction of his sentence should be based on the career offender guideline, USSG § 4B1.1(b), since his status as a career offender was never in dispute.  Accordingly, the government indicated that Mr. Herrera's applicable guideline range is 262 to 327 months.

The Court disagrees.  As noted above, the Court did not apply the career offender guideline and instead determined Mr. Herrera's offense level based on the amount of crack cocaine involved in the offense using the Drug Quantity Table, USSG § 2D1.1(c).  This is confirmed by both the transcripts and the statement of reasons.  CR #83 at p. 7; CR #106 at p. 5; CR #118 at p. 6; CR #122 at p. 4.  Accordingly, Mr. Herrera is eligible for a reduction in his sentence.  His newly applicable guideline range, based on a total offense level of 25 and criminal history category of 5, is 120 to 125 months.[2]

The Court recognizes that Mr. Herrera's criminal history is significant, but that factor was taken into account at the time of the original sentencing.  In order to maintain relative consistency with the other codefendants' sentences, and finding that ten years is

---

[2] The guideline range for level 25, category 5, is 100 to 125 months, but Mr. Herrera is subject to a ten-year mandatory minimum term.

**ORDER GRANTING**
**MOTION TO REDUCE SENTENCE**

-3-

significant enough a punishment for his involvement in the offense, the Court will reduce Mr. Herrera's sentence to 120 months.[3]

Accordingly, this Court finds that the sentence imposed on Mr. Herrera was based on a sentencing range subsequently lowered by the United States Sentencing Commission.  The motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**.  The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 months.  The Clerk shall prepare an amended judgment.

IT IS SO ORDERED.

Dated:     March 16, 2012                                                    
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court also concludes that the provision in the plea agreement whereby Mr. Herrera waived any right he may have to bring "any other post-conviction attack on his conviction or sentence" does not pertain to a motion for reduction of sentence pursuant to Section 3582(c)(2).  See *United States v. Lightfoot*, 626 F.3d 1092, 1094-95 (9th Cir. 2010).

**ORDER GRANTING**
**MOTION TO REDUCE SENTENCE**

-4-